# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| **BUCCANEER RESOURCES, LLC,** *et al.*[1] | § | Case No.:  14-60041 (DRJ) |
| | § | |
| Debtors, | § | **(Jointly Administered)** |
| | § | |
| **AIX ENERGY, LLC** | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | Adversary No. 15-06001 |
| | § | |
| **COOK INLET ENERGY, LLC** | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE DAVID R. JONES, UNITED STATES BANKRUPTCY JUDGE:

Defendant, Cook Inlet Energy, LLC ("*CIE*") files its *Motion to Dismiss* pursuant to Federal Rules of Civil Procedure 12(b)(1)[2] (the "*Motion to Dismiss*"), and shows:

### SUMMARY

1.  This Court does not have subject matter jurisdiction over this dispute because it does not "arise in," "arise under" or "relate to" a case under Title 11 and is not a core proceeding as required by 28 U.S.C. §§ 157 and 1334.  No basis for jurisdiction exists because:

    i.  The claim does not "arise under" Title 11.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: (i) Buccaneer Energy Ltd. (0107); (ii) Buccaneer Energy Holdings, Inc. (7170); (iii) Buccaneer Alaska Operations, LLC (7562); (iv) Buccaneer Resources, LLC (8320); (v) Buccaneer Alaska, LLC (4082); (vi) Kenai Land Ventures, LLC (2661); (vii) Buccaneer Alaska Drilling, LLC (7781); (viii) Buccaneer Royalties, LLC (5015); and (ix) Kenai Drilling, LLC (6370).

[2]  Made applicable pursuant to Federal Rules of Bankruptcy Procedure 7012(b).

2907480

      ii.      The dispute does not "arise in" or "relate to" Title 11 as it is between two non-debtors, does not involve any of the Debtors or their respective bankruptcy estates and can have no conceivable effect upon the Debtors' respective bankruptcy estates;

      iii.      The Court lacks jurisdiction over the post-sale and post confirmation contract dispute that does not relate to administration of the Debtors' jointly administered estate.

## FACTUAL AND PROCEDURAL BACKGROUND

2. On May 31, 2014, the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Court ordered the Debtors' cases jointly administered under Case No. 14-64001 shortly thereafter. No trustee was appointed in the jointly administered cases.

3. On October 27, 2014, pursuant to Court approved procedures, the Debtors conducted an auction of substantially all of their assets.

4. The Debtors determined that AIX Energy, LLC was the successful bidder at the auction.

5. On October 31, 2014, the Court entered its *Order (A) Authorizing and Approving the Sale of Assets Free and Clear of All Liens, Claims and Encumbrances and Other Interests, (B) Approving the Asset Purchase Agreement, (C) Approving the Assumption and Assignment of the Assumed Contract and (D) Granting Related Relief*. [Docket No. 489].

6. As part of the sale, the Debtor Buccaneer Alaska, LLC assumed and assigned its interest in the *Interruptible Gas Sale and Purchase Contract* with CIE dated September 12, 2013 (the "**Contract**") to AIX Energy, LLC.

7. AIX Energy, LLC assumed and accepted the Contract *in toto*.

8. On January 13, 2015, the Debtors filed their First Amended Joint Chapter 11 Plan of Reorganization for The Debtors and Debtors-in-Possession (as modified though January 13, 2015) (the "**Plan**"). [Docket No. 589].

9. On January 13, 2015, the Court entered its *Order Finally Approving First Amended Disclosure Statement and Confirming First Amended Joint Chapter 11 Plan*. [Docket No. 591].

10. On January 30, 2015, AIX Energy, LLC brought this adversary proceeding against CIE for alleged breach of the Contract.

### LACK OF SUBJECT MATTER JURISDICTION

11. This Court lacks subject matter jurisdiction over this dispute.

12. Bankruptcy courts are courts of limited jurisdiction and derive their jurisdiction solely from 28 U.S.C. §§ 1334 and 157. *In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999). Pursuant to 28 U.S.C. §§ 1334 and 157, bankruptcy courts are granted jurisdiction over matters that "arise under," "arise in" and are "related to" cases under Title 11 or cases that are "core" proceedings. *In re Reliant Exploration, Ltd.*, 336 B.R. 286, 289 (Bankr. S.D. Tex. 2005). Unless a case falls into one of these categories, a bankruptcy court cannot exercise jurisdiction.

13. As shown below, this Court lacks subject matter jurisdiction over this dispute.

#### A. AIX Energy, LLC's Claim Does Not "Arise Under" Title 11

14. "Arising under" jurisdiction only confers jurisdiction to a bankruptcy court over issues that are specifically presented to it through a formal bankruptcy petition. *In re Canion*, 196 F.3d 579, 584 (5th Cir. 1999) ("the first category ['arises under'] refers merely 'to the bankruptcy petition itself'").

15. No dispute involving a bankruptcy petition is at issue in this adversary proceeding.

16. No party to this proceeding has filed a bankruptcy petition.

17. Following confirmation of the Debtors' Plan, no additional issues are presented through the Debtors' bankruptcy petition.

18. Thus, no basis exists for the Court to assert jurisdiction under the "arises under" language of 28 U.S.C. §§ 157 or 1334.

### B. This Dispute Does Not "Arise In" or "Relate To" Title 11

19. Because this dispute does not "arise under" Title 11, the next step is to analyze whether the dispute "arises in" or "relates to" Title 11. In making this determination, the Fifth Circuit has held that it is only necessary to determine whether the matter is at least "related to" the bankruptcy. *In re Bass*, 171 F.3d at 1022; *In re Canion*, 196 F.3d at 584–85; and *Matter of Wood*, 825 F.2d 90, 93 (5th Cir. 1987).

20. "Related to" is a term of art. *In re Bass*, 171 F.3d at 1022. If a matter is "related to" Title 11, then the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. *In re Bass*, 171 F.3d at 1022; *In re Canion*, 196 F.3d at 584–85; and *Matter of Wood*, 825 F.2d at 93.

21. However, "related to" jurisdiction is not limitless. *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995).

22. An action is "related to" if its outcome could "alter the <u>debtor's</u> rights, liabilities, options or freedom of action (either positively or negatively) and . . . in any way impacts upon the handling and administration of the bankrupt estate." *In re Bass*, 171 F.3d at 1022. (emphasis added)

23. Thus, for jurisdiction to attach under the "related to" test, the outcome of the action must "(1) alter the rights, obligations and choices of action of the *debtor*, <u>and</u> (2) have an effect on the administration *of the bankruptcy estate*." *In re Reliant Exploration, Ltd.*, 336 B.R. at 289 (citing *Celotex Corp.*, 514 U.S. at 308 n.6) (emphasis added).

24. This adversary proceeding wholly fails to meet those two requirements.

25. The adversary proceeding involves a purported breach of the Contract between two non-debtor entities.

26. The proceeding was initiated three months after the Court approved the sale of substantially all of the Debtors' assets to AIX Energy, LLC. AIX Energy, LLC accepted the Contract *in toto*.

27. The proceeding was initiated after the Debtor's Plan was confirmed.

28. The adversary proceeding does not involve any property of the Debtors' jointly administered bankruptcy estates.

29. Resolution of this adversary proceeding could have no conceivable effect on the administration of the Debtors' jointly administered bankruptcy estate.

30. Finally, other than the standard one sentence boilerplate assertion of jurisdiction, AIX Energy, LLC wholly fails to make any argument that the Court has subject matter jurisdiction over this proceeding.

31. This proceeding is merely a contract dispute between two non-debtor entities.

32. For these reasons, no basis exists for the Court to assert jurisdiction under either the "arises in" or "relates to" language of 28 U.S.C. §§ 157 or 1334.

### C. This Dispute is Not a "Core" Proceeding

33. AIX Energy, LLC also attempts to assert jurisdiction on the grounds that this is a core proceeding under 28 U.S.C. § 157(b)(2)(N) and (O). Such assertion is without legal basis.

34. A "core proceeding" is one that "invokes a substantive right provided by Title 11 or . . . [one] that, by its nature, could arise only in the context of a bankruptcy case." *Matter of Wood*, 825 F.2d at 97.

35. There are no substantive rights provided by Title 11 in this proceeding.

36. This is a simple proceeding related to an alleged breach of contract. AIX Energy, LLC cannot credibly argue or show that this is a proceeding that could only arise in the context of a bankruptcy case.

37. No issues concerning orders approving the sale of property are involved in this proceeding as required under 28 U.S.C. § 157(b)(2)(N). Further, this proceeding does not involve a "proceeding[] affecting the liquidation of the assets of the estate" per section 157(b)(2)(O).

38. This proceeding, which is merely a contract dispute, is the type of dispute that is regularly and routinely brought in courts outside of the context of bankruptcy.

39. This adversary proceeding is not a core proceeding under 28 U.S.C. § 157.

### D. This Court Lacks Jurisdiction Over this Post-Sale and Post-Confirmation Contract Dispute

40. The Fifth Circuit has held that post-confirmation disputes between parties typically do not give rise to bankruptcy court jurisdiction. *In re Craig's Stores of Texas, Inc.*, 266 F.3d 388 (5th Cir. 2001). In that case, the district court refused to exercise jurisdiction in a suit brought by the Debtor regarding the interpretation of an agreement that had been assumed

and made part of the debtor's plan of reorganization. On appeal, the Fifth Circuit upheld the dismissal for lack of jurisdiction on the grounds that once a debtor's plan is confirmed, "the debtor's estate, and this bankruptcy jurisdiction, ceases to exist . . ." *Id.* at 390.

41. The facts of this proceeding further support the assertion that the Court lacks subject matter jurisdiction as neither of the parties is a debtor in the jointly administered bankruptcy cases, and the Contract was assumed and then assigned to AIX Energy, LLC months prior to the Debtors' Plan being confirmed.

42. Moreover, to the extent that AIX Energy, LLC attempts to assert that this Court retained jurisdiction over the Plan and thus—somehow—this dispute, such argument should be rejected. Federal Rule of Bankruptcy Procedure 3020(d) specifically limits the extent of a bankruptcy court's retained power following plan confirmation. Rule 3020(d) states "[n]otwithstanding the entry of the order of confirmation, the court may issue any other order necessary to administer the estate." FED. R. BANKR. P. 3020(d). The Court's retained jurisdiction is limited to concluding "matters pending before it prior to confirmation and to continue to administer the estate as necessary, e.g., resolving objections to claims." Advisory Committee Notes to FED. R. BANKR. P. 3020(d).

43. This action was not pending before the Court prior to confirmation. AIX Energy, LLC makes no assertion that any alleged breach occurred prior to the sale, assignment and transfer of the Debtors' interest in the Contract to AIX Energy, LLC. Adjudication and resolution of this matter will have no effect on the administration of the Debtors' estates.

44. Finally, AIX Energy, LLC is contractually bound to bring this dispute in a state or federal court in Alaska. Nothing herein should be construed as a waiver by CIE of the

mandatory venue provisions set forth in Paragraph 15 of the Contract or CIE's ability to seek to enforce them.

45. AIX Energy, LLC accepted the Contract *in toto*.

46. Section 15.2(b) of the Contract states:

> Each Party irrevocably submits to the jurisdiction and venue of any Alaska state or federal court in any dispute arising out of or relating to this Contract, and hereby irrevocably agrees that all claims in respect of such dispute may be heard and determined in such Alaska state or federal court. Each Party hereby irrevocably waives, to the fullest extent it may effectively do so, the defense of an inconvenient forum to the maintenance of such proceeding.

## CONCLUSION

47. For the above reasons, dismissal of AIX Energy, LLC's Complaint for lack of subject matter jurisdiction is proper.

Respectfully submitted:

*/s/ Wayne Kitchens*
Wayne Kitchens    TBN: 11541110
wkitchens@hwa.com
Simon R. Mayer    TBN: 24060243
smayer@hwa.com
HUGHESWATTERSASKANASE, LLP
333 Clay Street, 29th Floor
Houston, Texas 77002-4168
Telephone:  713-759-0818
Facsimile:  713-759-6834
**COUNSEL FOR COOK INLET ENERGY, LLC**

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of this pleading was served electronically to all counsel of record on this the March 4, 2015.

*<u>Via ECF</u>*
Joshua W. Wolfshohl
Aaron J. Power
Porter Hedges, LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
**ATTORNEYS FOR AIX ENERGY, LLC**

                              */s/ Wayne Kitchens*
                              Wayne Kitchens